IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

In re:

WILLIAM MELTON JENKINS                                Case No. 14-20805-rdb-13
NICHOLE MARIE JENKINS

       Debtors.

## MOTION FOR AN ORDER TO SHOW CAUSE WHY THE AUTOMATIC STAY SHOULD NOT BE ENFORCED

   **COMES NOW** Debtor, by and through counsel, David A. Reed, Esq., and in support of his application for an order enforcing the automatic stay pursuant to §§ 105(a) and 362(a) of Title 11, states to the Court as follows:

   1. The instant proceeding was filed on April 9, 2014, and an order for relief was entered on the same date; the automatic stay remains in full force and effect, with a possible exception for Debtor's motor vehicle.

   2. Debtor William Melton Jenkins is presently on felony probation for a criminal non-support conviction originating in the District Court of Johnson County, Kansas, in the matter styled *State of Kansas v. William M. Jenkins,* 03CR01753. The obligee is a private individual by the name of Jodee M. Jenkins, and the associated civil case is 00CV05005, or *Jenkins v. Jenkins*.

   3. Mr. Jenkins apparently has an open motion to revoke his probation, ostensibly for a pre-petition delinquency in his restitution (support) payments. On information and belief, the Johnson County District Attorney intends to proceed with the motion to revoke his probation, the sole basis being the cumulative delinquency in payment – even though

1

the proposed Chapter 13 Plan, as amended to conform to the wishes of the Kansas Department for Children and Families, proposes to pay an EMA (Equal Monthly Amount) to the victim of $150.00 per month – equivalent to his probationary requirement – the civil collection agency (YoungWilliams) has already filed a proof of claim (#7-1), and, most importantly, the automatic stay remains in effect for the collection of restitution.

    4. Mr. Jenkins makes no presumption that the automatic stay supersedes his probation (it doesn't). However, to the extent that the issue at hand concerns the *payment* of money (which it does), Debtor's earnings are property of the bankruptcy estate -- and to the extent that jurisdiction over Mr. Jenkin's property is a predicate to an effective administration of the Chapter 13 Plan, the *Supremacy Clause* of the United States Constitution dictates that this Federal Bankruptcy Court assume its statutory role under Title 11.

    5. Whereas § 362(b)(1) of Title 11 does contain a narrow exception to the general automatic stay provisions of § 362(a), allowing for the "commencement or continuation of a criminal action or proceeding against a debtor"… "[T]he legislative history of section 362(b) makes clear that Congress intended that courts give the exceptions in section 362(b) a narrow construction."  *In re Enron Corp.*, 314 B.R. 524, 534; 2004 Bankr. LEXIS 1467; 43 Bankr. Ct. Dec. 197 (Bktcy. S.D.NY 2004).  Knowing this helps to explain why, within the District of Kansas, this exception has *never* been extended to apply to the *collection* of criminal restitution, even as the underlying criminal prosecution, standing alone, can proceed unimpaired.  *In re Barnett*, 15 B.R. 504, 511; 1981 Bankr. LEXIS 2540; 6 Collier Bankr. Cas. 2nd (MB) 176, (Bktcy. D. Kan. 1981).

2

Case 14-20805    Doc# 36    Filed 07/03/14    Page 2 of 8

6. No less an authority than the United States Supreme Court has drawn the distinction between prosecution on the one hand, and collection on the other:

> Section 362(b)(1) ensures that the automatic stay provision is not construed to bar federal or state prosecution of alleged criminal offenses. ***It is not an irrational or inconsistent policy choice to permit prosecution of criminal offenses during the pendency of a bankruptcy action and at the same time to preclude probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13.***

*Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 561; 1990 U.S. LEXIS 2697 (1990) (emphasis added). Subsequent to this decision, Congress amended § 1328(a)(3) to exclude criminal restitution from discharge [and to avoid any confusion, this Defendant concedes that his obligation is non-dischargeable for this and other reasons; *see generally In re Brunton,* 282 Kan. 423 (2006)]. However, much as the same is true of most student loan and tax obligations:

> "[T[he nondischargeability of the debt…does not in any manner obviate the effect or the imposition of the automatic stay."

*In re Walters*, 219 B.R. 520, 528; 1998 Bankr. LEXIS 1021 (Bktcy. E.D. Ark. 1998).

7. Moreover, there's no doubt that a claim for restitution is a "debt" -- and that the state, even when acting in a representative capacity, is a "creditor" for purposes of bankruptcy jurisdiction. *Davenport*, at 559. And lest there be any doubt, "[R]estitution is a civil remedy under Kansas law", betraying its remedial, rather than punitive, nature. *In re Kirk*, 38 B.R. 257, 260 (Bktcy. D. Kan. 1984). In *Davenport*, Justice Marshall said this to explain how a state's "right to payment" under a restitution order is in every sense a debt, albeit one like no other:

> Indeed, the right created by such an order made as a condition of probation is in some sense greater than the right conferred by an ordinary civil obligation, because it is secured by the debtor's freedom rather than his property.

3

*Davenport*, at 559.  The state carries the burden in proving that any exception to the automatic stay applies.  *In re Pearce*, 400 B.R. 126, 131; 2009 Bankr. LEXIS 91; 61 Collier Bankr. Cas. 2d (MB) 107 (Bktcy.N.D.Iowa 2009).

8.  In rendering its decision, the Supreme Court fully acknowledged that the impact of § 362(a) would "hamper the flexibility of state criminal judges in fashioning appropriate sentences and require state prosecutors to participate in federal bankruptcy proceedings to safeguard state interests."  *Davenport*, at 564.  That said, "…concerns animating [*Younger v. Harris*, 401 U.S. 37, 46 (1971)] cannot justify rewriting the [Bankruptcy] Code to avoid federal intrusion."  *Id*.

9.  The reason, of course, is that the United States Constitution confers upon the federal courts exclusive jurisdiction over matters of bankruptcy.  *See U.S. Const. Art. 6, § 2*.  In any conflict between state and federal law, the *Supremacy Clause* dictates that a state's legitimate interest in enforcing its own laws must yield to the federal interest in the orderly administration of bankruptcy estates, which is why Judge Pusateri in *Barnett* brooked little hesitation in enjoining the Leavenworth County Attorney from seeking restitution in a NSF check prosecution under K.S.A. § 21-3707, or exploiting any inference from the defendant's failure to pay -- although the criminal case, left to its own merits, was free to proceed.  *Barnett* at 512.  *See also Perez v. Campbell*, 402 U.S. 637, 652 (1971).

10.  The *Barnett* decision is neither unique nor an anomaly, at least not within the 10th Circuit, which includes Kansas.  *In re Allman,* 43 B.R. 840 (Bktcy.D.Co. 1984), another opinion from this circuit from the neighboring state of Colorado, is in accord.  Indeed, Defendant is unaware of *any* published bankruptcy opinion from within the 10th Circuit

4

which has held to the contrary, or that criminal restitution *can* be enforced while an automatic stay remains in effect.

11. Bankruptcy courts from outside this circuit have likewise joined *Barnett* in enjoining restitution: *In re Holder*, 26 B.R. 789 (Bkrtcy.M.D.Tenn. 1982); *In re Johnson*, 16 B.R. 211 (Bkrtcy.M.D.Fla. 1981); *In re Redenbaugh*, 37 B.R. 383 (Bkrtcy.C.D.Ill. 1984); *In re Farrell*, 43 B.R. 115 (M.D.Tenn. 1984), *In re Brown*, 39 B.R. 820 (Bktcy. M.D.Tenn. 1984); *In re Liss*, 59 B.R. 556 (Bkrtcy.E.D.Ill. 1986); *In re Brown,* 51 B.R. 51 (Bktcy.E.D.Ark. 1985); In re Barboza, 211 B.R. 450 (Bktcy.R.I. 1997); *In re Pearce*, 400 B.R. 126 (Bktcy.N.D.Iowa 2009); *In re Storozhenko*, 459 B.R. 697 (Bktcy.E.D.Mi. 2011); *In re Feingold,* 730 F.3d 1268 (11th Cir. 2013).

12. A case addressing the specific scenario of a Probation Violation Hearing for non-payment of restitution was *In re Coulter*, 305 B.R. 748 (Bktcy.S.C. 2003), where the bankruptcy court enjoined the state court from using non-payment of restitution as a basis for revoking the debtor's probation, as long as his Chapter 13 plan remained in effect. To be sure, there are numerous reported cases embracing an expansive definition of the § 362(b)(3) exception, concluding that collection of restitution wasn't automatically stayed – but none of these are from this circuit, have no precedential value, and are of doubtful vitality since they truly can't be reconciled with the Supreme Court's own opinion in *Davenport* – which remains the law of the land regarding the scope of the automatic stay, notwithstanding the later amendment to § 1328(a)(3).

13. Closer to home, the Honorable Robert D. Berger of the United States Bankruptcy Court for the District of Kansas issued an order granting injunctive relief against the Johnson County District Attorney on August 30, 2007, enjoining the state from seeking

5

restitution in a felony criminal case (07 CR 236), effectively ending the prosecution (the case was dismissed on September 17, 2007). That bankruptcy case was *In re Kimberly D. Shoate*, Case No. 06-21458-rdb-13, Doc. #75, which was successfully discharged in 2012. Judge Berger happens to be the presiding judge in this case.

14. The failure to participate in the bankruptcy process is tantamount to acceptance of its results, which in turn will oblige the bankruptcy court to use the powers at its disposal to defend those outcomes. "Use of § 105 is necessary and proper to enforce this Court's Confirmation Order as stated hereinafter." *Coulter*, at 755. Likewise, as the United States Supreme Court has more recently ruled, the *res judicata* effect of plan confirmation under § 1327 binds everyone, even if (arguably) the confirmed plan contains terms that are *ultra vires*, or outside the purview of the Code. *See generally United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010). Simply put, federal bankruptcy orders are entitled to respect, and can't be avoided by ignoring them.

15. A long line of cases have found that probation violation hearings are superseded by active Chapter 13 repayment plans. *In re Gilliam*, 67 B.R. 83, 87 (Bkcty.M.D.Tenn. 1986); *United States v. Lominac*, 1994 U.S. App. LEXIS 25998, Nos. 94-5238 (4th Cir. 1994); *In re Birk*, 108 B.R. 657 (Bktcy.S.D.Ill. 1988), and of course, *In re Coulter, Id*.

16. To enforce compliance, bankruptcy courts have at their disposal, pursuant to the plenary powers afforded by § 105(a), the ability to invoke the *Ex Parte Young* doctrine -- the ability to enjoin individual state officials to remedy violations of federal law. *In re Coulter*, at 760 [*citing Ex Parte Young*, 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908]. In case the suggestion is made, there is *no* immunity under the 11th Amendment, for as *Coulter* explains:

> …the Eleventh Amendment does not bar enforcement of a bankruptcy court's order confirming a plan give that the confirmation order was itself not entered in a "suit" against a state but rather arose from bankruptcy court's jurisdiction over debts and their estate.

*Coulter* at 759, *citing Maryland v. Antonelli Creditor's Liquidating Trust*, 123 F.3d 777 (4th Cir. 1997). Since the source of all restitution will likely be property of the bankruptcy estate (the debtor's income), this nexus renders any dispute over the payment of restitution a *core* proceeding, eliminating any reason for abstention by virtue of the jurisdiction conferred by 28 U.S.C. § 157(b).

17. In the end, state action taken in violation of the general provisions of § 362(a) is *void ab initio*, even when taken in the public interest, if there is also a pecuniary interest involved (collection of restitution). *In re Enron*, at 541 [the California Attorney General violated the automatic stay in filing a complaint for restitution, notwithstanding the police power exception under § 362(b)(4)].

**WHEREFORE** the movant prays, without prejudice to Debtor's right to later seek an order adjudging a creditor or other responsible party to be in contempt, an order enforcing the automatic stay by enjoining any attempt at probation revocation for *non-payment* while the stay remains in effect, in addition to any remedies available under the rule of *Ex Parte Young*.

  /s/ David A. Reed
David A. Reed #14581 KS
7823 Parallel Parkway
Kansas City, KS 66112
(913) 342-7200
(913) 342-1001 fax
BKLAW@swbell.net
Attorney for Debtor

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, and addressed to the following on this 3rd day of July, 2014: Debtor, William H. Griffin, Chapter 13 Trustee, Office of District Attorney, PO Box 728, Olathe, KS 66051, and Kansas Attorney General, 120 SW 10th St., 2nd Floor, Topeka, KS 66612.

  /s/ David A. Reed
David A. Reed #14581 KS